IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:07CR00030-001 |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| KEVIN J. WITASICK, | ) | By: Jackson L. Kiser |
| | ) | Senior United States District Judge |
| Defendant. | ) | |

Before me is Defendant's "renewed" Motion for Judgment of Acquittal or, in the
alternative, Motion for a New Trial [Docket No. 380]. For the reasons contained herein, I
will **DENY** the Motion.


I.      **TIMELINESS OF THE MOTION**

Defendant filed this Motion, along with his Notice of Filing Renewal of Motion for
Judgment of Acquittal or, in the alternative, Motion for a New Trial and Request for Hearing
and Notice that Mr. Witasick Will Be Filing An Appeal [Docket No. 381]. By Defendant's
own admission, this "renewed" Motion for Judgment of Acquittal addresses issues that "have
not been previously addressed by this Court." Of the at least nine previous motions for
judgment of acquittal Defendant has filed [Docket Nos. 193, 194, 224, 225, 226, 314, 315,
330, 331], Defendant does not indicate which motion he is renewing. Seeing as this
"renewed" Motion does not actually renew anything—as the grounds raised have never
before been addressed and some of the evidence on which Defendant relies was not elicited
through testimony until after the last motion was filed—the Motion is actually a Rule 29
motion. Under Rule 29 of the Federal Rules of Criminal Procedure: "A defendant may move

for a judgment of acquittal, or renew such a motion, within 14 days after a guilty verdict or after the court discharges the jury, whichever is later." FED. R. CRIM. PRO. 29(c)(1).  Under Rule 33, "[a]ny motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty." FED. R. CRIM. PRO. 33(b)(2).  This motion attacks Defendant's tax fraud convictions, not his health care fraud conviction, and therefore comes a full 433 days too late.[1]  Additionally, any claim of newly discovered evidence (which was *not* in the motion) is meritless, as I have already ruled that the evidence in question was discoverable both before and during the trial.  (*See* Mem. Op. of Aug. 18, 2009 at 7 n.4 [Docket No. 258].)

## II.    "RENEWED" MOTION FOR JUDGMENT OF ACQUITTAL

Even if the Motion was timely, it fails for a myriad of reasons.  Defendant attempts to use this "renewed" Motion for a Judgment of Acquittal to rectify mistakes *he* made during the trial.  In his argument, Defendant takes issue with some of Agent Jackie English's testimony.  First, he argues that she impermissibly testified as an expert witness when she was not admitted as such at trial.  (Renewed Mot. for J. of Acquittal 6–8.)  Agent English was qualified to give the testimony she did by virtue of the personal knowledge she had amassed as an agent with the Internal Revenue Service. While her testimony concerning "taxable income," "general business credit carryover," proper "business use percentage," as well as other tax terms may not be within the common knowledge of all lay persons, it was within her personal knowledge.  In *United States v. Roe*, No. 08-5203, slip op. at 9 (4th Cir.

---

[1] The original jury verdict on the tax fraud charges was entered on February 3, 2009; the present Motion was filed on June 1, 2010.  The period to file a Rule 29 or Rule 33 motion in regard to those charges ended on February 18, 2009, and February 23, 2009, respectively.  (*See* Order of Feb. 9, 2009 [Docket No. 222].)  Since this Motion was filed on June 1, 2010, it is 433 days past the extended deadline to file such a motion.

May 27, 2010), the Fourth Circuit expressly sanctioned such testimony as admissible as lay testimony under Federal Rule of Evidence 701 since the testimony was "'rationally based on the perception of the witness' and helpful to the jury's determination of a fact in issue.'" *Id.* (quoting FED. R. EVID. 701).

Second, Defendant takes issue with Agent English's "adoption" of Agent Deer's computations. If this had occurred, the Defendant was free to elicit this information during cross-examination of the witness or through a proper, contemporaneous objection. Neither was done.[2]

## III.    A "FULL AND PROPER" RETURN

The most problematic of Defendant's arguments are his erroneous assertions that the Fourth Circuit has steadfastly held that, in a prosecution for tax fraud, the government is required to show tax deficiency by preparing and introducing a "full and proper return"[3] and entering it into evidence. According to Defendant, if there is a difference between the bottom line on what the Defendant fraudulently filed and what the "full and proper return" shows, only then has the government met its burden. This is wrong. While it is true that the government must establish a tax deficiency, the government does not have to prove the amount of the deficiency with specificity. *See United States v. Bishop*, 264 F.3d 535, 550

---

[2] I did grant the Defendant's motion to preclude Agent English from testifying as an expert [Docket No. 139]. As to the claim that Agent English's testimony was not based on her own personal knowledge, an objection was the proper method for dealing with such an error. *See* FED. R. EVID. 103(a)(1), 602. Defendant did not object to the testimony he now argues was improper. (*See* Trial Tr. Jan. 30, 2009.)

[3] Defendant states that the "Fourth Circuit has long held" the prosecution was required to present "full and proper returns" to establish a tax deficiency despite the fact that: (1) *Jones* does not require such proof, *see Jones v. United States*, 282 F.2d 745, 747 (4th Cir. 1960); and (2) the Fourth Circuit has not reiterated this "requirement" in the 50 years since *Jones*. I have not found any case from the Fourth Circuit Court of Appeals, reported or unreported, discussing this so-called "requirement." Defendant's argument, therefore, is specious and disingenuous.

(5th Cir. 2001). The language cited by the Defendant actually supports this interpretation: "The prosecution was required to offer computations along the line that it did offer in order to show that full and proper returns would have resulted in larger tax obligations than those shown in the returns filed." *Jones v. United States*, 282 F.2d 745, 747 (4th Cir. 1960). The *Jones* language illustrates two facts. First, all the government is required to offer are "computations" to show a tax deficiency. Defendant erroneously reads this language to compel the government to pour through the Defendant's financial records and prepare a return taking all proper deductions, credits, and exemptions.

This plays into the Defendant's second error—interpreting "full and proper return" to mean a perfect one. Although the Fourth Circuit does not discuss what it means by the term "full and proper return," within this realm it seems clear to me that the phrase refers to a proper return submitted by a defendant. If the government shows that certain deductions were erroneous, a full and proper return would be a return submitted by the defendant to the IRS without the offending deductions. Defendant here claims that, with the fraudulent deductions, he paid more taxes than he would have paid had he taken only proper deductions. In essence, if forensic accountants were to go back over Defendant's returns and correct the fraudulent deductions and add in those deductions for which Defendant was eligible but did not take, the government would owe him a refund. Since it all would "even out" in the wash, Defendant argues the government did not show a tax deficiency. Unfortunately for Defendant, a trial for tax fraud is not an opportunity for a "do-over" of his taxes. When the government established that Defendant took fraudulent deductions and that, if Defendant had not taken those deductions, his "full and proper return" submitted to the IRS would have shown *more* taxes owing than he paid, the government has carried its burden under *Jones*.

*Cf. United States v. Harris*, No. 5:07-CR-22, 2007 WL 1724298, at *3 (N.D.W. Va. June 14, 2007) (unpublished).

## IV.    DOUBLE JEOPARDY VIOLATION

Defendant's only grounds for acquittal that are timely are his challenges to Counts Four and Five. Defendant argues that his conviction and subsequent sentencing for tax perjury for the 1999 and 2000 calendar year are impermissible since he was convicted of tax evasion for the same calendar years. Assuming, without deciding, that tax perjury is a lesser-included offense of tax evasion, *see, e.g.*, *United States v. Lodwick*, 410 F.2d 1202, 1206 (8th Cir. 1969), Defendant's double jeopardy rights have not been violated.

There can be no argument that the Double Jeopardy Clause of the Fifth Amendment "protects not only against a second trial for the same offense, but also 'against multiple punishments for the same offense.'" *Whalen v. United States*, 445 U.S. 684, 688 (1980) (quoting *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969)). Defendant maintains his right against double jeopardy was violated when I sentenced him to two terms of fifteen months, served concurrently, in the custody of the Bureau of Prisons for his crimes concerning calendar year 1999 (Counts 2 and 4) and two terms of fifteen months, served concurrently, for his crimes concerning calendar year 2000 (Counts 3 and 5). (*See* J. of May 18, 2010 [Docket No. 377].) Defendant argues that, by sentencing him for both tax evasion and tax perjury for the same acts, I have violated the clear mandate of *Pearce*, as well as the Fifth Amendment.

If Defendant had been convicted in two separate trials of tax evasion and then tax perjury, he would undoubtedly have a claim. But the rules against double jeopardy are

slightly different when a jury convicts a defendant of a lesser-included offense at the same time he is convicted of the greater offense. As Judge Richard Posner stated:

> It might seem that there would be no issue of double jeopardy in a case in which multiple convictions occurred in the same trial, since the purpose of the [Double Jeopardy] clause is "to protect an individual from being subjected to the hazards of trial and possible conviction more than once for an alleged offense." But the Supreme Court has held that "with respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause . . . prevent[s] . . . the sentencing court from prescribing greater punishment than the legislature intended."

*United States v. Peel*, 595 F.3d 763, 766 (7th Cir. 2010) (internal citations omitted). In a situation such as the one in which Defendant finds himself, double jeopardy does not preclude Defendant from being punished for both the greater and lesser-included offenses; he simply cannot be punished more than the legislature intended.

The maximum punishment for tax evasion is five years in prison, 26 U.S.C. § 7201. The maximum punishment for tax perjury is three years in prison, 26 U.S.C. § 7206. Both convictions carry fines up to $100,000.00 for an individual and the costs of prosecution. 26 U.S.C. §§ 7201, 7206. Defendant was sentenced to two terms of fifteen months to be served concurrently. Clearly, he was not sentenced to more than Congress intended, as Congress explicitly authorized a five year term for tax evasion. *See Missouri v. Hunter*, 459 U.S. 359, 366 (1983) ("With respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended.") Therefore, Defendant's sentences for the greater and lesser-included offenses did not run afoul of the Fifth Amendment. His convictions on Counts 4 and 5 stand.

## V.    CONCLUSION

Because the "Renewed" Motion for Judgment of Acquittal is not a renewed motion at all, but a new Rule 29 motion, it was filed far outside the time limit prescribed by the Federal Rules of Criminal Procedure.  If the Motion were actually a renewal, it still should have been filed within the time limit of Rule 29.  *See* FED. R. CRIM. PRO. 29(c)(1) ("A defendant may move for a judgment of acquittal, *or renew such a motion*, within 14 days *after a guilty verdict* . . . . (emphasis added)).  As to Defendant's Fifth Amendment claim, his arguments are substantively and legally insufficient to carry his burden on a Rule 29 or Rule 33 motion. Therefore, the Motion is hereby **DENIED**.

The Clerk is directed to forward a copy of this Order to all counsel of record. Defendant requested a hearing on this Motion, but one is not necessary.

Entered this 7th day of June, 2010.


s/Jackson L. Kiser
Senior United States District Judge